**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **TruePosition, Inc.** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Polaris Wireless, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, TruePosition Inc., ("TruePosition") by its attorneys, for its Complaint against Defendant, Polaris Wireless, Inc. ("Polaris Wireless") alleges as follows:

### JURISDICTION & VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

2. This Court has jurisdiction founded on 28 U.S.C. § 1338(a).

3. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

### THE PARTIES

4. TruePosition is a corporation organized and existing under the laws of Delaware, having a place of business located at 1000 Chesterbrook Blvd, Suite 200, Berwyn, PA 19312.

5. TruePosition is in the business of providing services and equipment that determine the location of mobile devices. TruePosition provides location determination and intelligence solutions for the safety and national security markets worldwide.

6. On information and belief, Polaris Wireless is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 301 North Whisman Road, Mountain View, CA 94043.

7. Polaris Wireless is in the business of providing services and equipment that determine the location of mobile devices, including software and equipment that is offered under the trade names: "Polaris Wireless Location Signatures™," "GSMDirect," and "Altus" among others.

8. TruePosition and Polaris compete with one another for business from cellular network carriers and other customers that utilize equipment and software for determining the location of a mobile device.

## TRUEPOSITION'S '299 PATENT

9. On August 24, 2010, the United States Patent Trademark Office duly and legally issued U.S. Patent No. 7,783,299 (the "'299 Patent") in the names of Robert J. Anderson, Jeffrey F. Bull, Paul Czarnecki, Thomas Stephan Ginter and Matthew L. Ward.

10. TruePosition owns all right, title and interest in and to the '299 patent. Attached hereto as Exhibit A is a true and correct copy of the '299 Patent.

11. Attached hereto as Exhibit B is a true and correct copy of an assignment of rights for the inventions of the '299 Patent from Mssrs. Bull, Czarnecki, Ginter and Ward to TruePosition.

## TRUEPOSITION'S NOTICE UNDER THE '299 PATENT

12. At all relevant times, TruePosition has provided notice of the '299 Patent by marking products pursuant to 35 U.S.C. § 287.

13. TruePosition communicated with Polaris concerning the '299 Patent prior to filing this suit.

14. Attached hereto as Exhibit C is a true and correct copy of a letter dated February 27, 2012 to Polaris Wireless informing it that "TruePosition believes that Polaris is in need of a license under the '299 Patent."

15. After February 27, 2012, TruePosition communicated further with Polaris and specifically concerning Polaris's infringement of the '299 Patent but the parties were unable to resolve their differences.

16. On information and belief, Polaris continued offering, making, using and selling systems for locating a mobile device under the trade names: "Polaris Wireless Location Signatures™," "GSMDirect," and "Altus" among others despite its notice of the '299 Patent.

## COUNT I

## POLARIS'S INFRINGEMENT OF THE '299 PATENT

17. TruePosition restates the allegations in paragraphs 1-16 of this Complaint as if fully set forth herein.

18. On information and belief, Polaris has made, used, sold and offered to sell, and continues to make, use, sell and offer to sell, within the United States, systems used for locating mobile devices, including but not limited to systems having the trade names "Polaris Wireless Location Signatures™," "GSMDirect," and "Altus" among others.

19. On information and belief, Polaris has directly infringed and is directly infringing the '299 Patent under 35 U.S.C. § 271(a) by, *inter alia*, making, using, selling, and offering for sale within the United States systems used for locating mobile devices including but not limited to systems having the trade names "Polaris Wireless Location Signatures™," "GSMDirect," and "Altus" among others, which systems are encompassed by at least claims 111, 112, 113 and 114 of the '299 Patent.

20. For example, Claim 114 of the '299 Patent (generally) requires: (a) means for monitoring an Abis link of a cellular network; (b) means for detecting a network transaction involving a trigger on the link and (c) means for initiating a location service based on the detected trigger. The Polaris systems include these elements because the "Abis control functionality," or equivalent functionality using a different name, in the Polaris systems includes the means for monitoring the Abis Link of a cellular network and for detecting a network transaction involving a trigger on that link and because the "Position Determining Entity" in the Polaris systems, or equivalent functionality using a different name, initiates a location based upon the detected trigger.

21. On information and belief, Polaris has indirectly infringed and is indirectly infringing the '299 Patent under 35 U.S.C. § 271(b) by, *inter alia*, inducing its customers within the United States to use systems for locating mobile devices including but not limited systems having the trade names "Polaris Wireless Location Signatures™," "GSMDirect," and "Altus" among others., which systems are encompassed by at least claims 111, 112, 113 and 114 of the '299 Patent. Polaris knew of its infringement of the '299 Patent based upon the pre-suit discussions alleged above.

22. Polaris has actually supplied or caused to be supplied components of systems for locating a mobile device to foreign customers, which systems include the inventions recited in the Claims of the '299 Patent.

23. The components that Polaris has supplied or caused to be supplied to foreign customers include components of the inventions of the claims of the '299 Patent that are especially made and especially adapted for use in those inventions and that have no substantial non-infringing use.

24. The components that Polaris has supplied or caused to be supplied to foreign customers comprise all or a substantial portion of the uncombined components of the inventions of one or more claims of the '299 Patent.

25. On information and belief, Polaris has infringed and is infringing the '299 Patent under 35 U.S.C. § 271(f) by exporting components of systems for locating mobile devices including but not limited to systems having the trade names "Polaris Wireless Location Signatures™," "GSMDirect," and "Altus" among others, which systems are encompassed by at least claims 111, 112, 113 and 114 of the '299 Patent.

26. The infringing acts of Polaris have been the actual and proximate cause of damage to TruePosition. TruePosition has sustained substantial damages and will continue to sustain damages as a result of Polaris's infringement of the '299 Patent.

27. TruePosition has no adequate remedy at law.

28. Polaris has caused TruePosition irreparable harm. Unless enjoined, Polaris's acts will continue to cause TruePosition irreparable harm, loss, and injury.

## JURY DEMAND

29. Plaintiff TruePosition demands a trial by jury.

## **PRAYER FOR RELIEF**

Wherefore, TruePosition requests that the Court enter judgment:

A.   permanently enjoining Polaris, and those in active concert with Polaris, from further infringement of the '299 Patent;

B.   declaring that Polaris has directly infringed and is directly infringing the '299 Patent;

C.   declaring that Polaris has indirectly infringed and is indirectly infringing the '299 Patent;

D.   awarding TruePosition damages adequate to compensate TruePosition for Polaris's direct and indirect infringement, but in no event less than a reasonable royalty for Polaris's use of the patented invention, together with prejudgment and post-judgment interest and costs, as fixed by the Court and as provided by 35 U.S.C. § 284;

E.   declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding treble damages against Polaris, as provided by 35 U.S.C. § 284;

H.   awarding TruePosition its attorneys' fees incurred in prosecuting this action against Polaris, as provided by 35 U.S.C. § 285; and

I.   awarding TruePosition such other relief as the Court deems just and proper.

                          Respectfully submitted,

Dated: May 23, 2012            */s/ James D. Heisman*
                                    CONNOLLY BOVE LODGE & HUTZ LLP
                                    James D Heisman (# 2746)
                                    Chad S.C. Stover (# 4919)
                                    The Nemours Building
                                    1007 North Orange Street
                                    Wilmington, DE 19801
                                    (302) 658-9141
                                    jheisman@cblh.com
                                    cstover@cblh.com

                                    OF COUNSEL:
                                    Paul B. Milcetic, Esq. (pro hac vice)
                                    Michael J. Bonella, Esq. (pro hac vice)
                                    Tod A. Kupstas, Esq. (pro hac vice)
                                    Jenna Pellechia, Esq. (pro hac vice)
                                    KESSLER TOPAZ MELTZER & CHECK, LLP
                                    280 King of Prussia Road
                                    Radnor, PA 19087

                                    *Attorneys for Plaintiff TruePosition, Inc.*