**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TRUEPOSITION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 12-646-RGA/MPT |
| | : | |
| POLARIS WIRELESS, INC., | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

    **A.    Procedural Background**

On May 23, 2012, TruePosition, Inc. ("plaintiff") filed suit against Polaris Wireless, Inc. ("defendant") for infringement of U.S. Patent No. 7,783,299 ("the '299 patent").[1] Defendant was served on June 6, 2012,[2] and answered on July 27, 2012, denying infringement of the '299 patent and asserting various affirmative defenses, including failure to state a claim upon which relief can be granted, non-infringement, and estoppel.[3]  A Rule 16 Scheduling Conference occurred on August 22, 2012.[4]  Under that scheduling order fact discovery is due by December 1, 2013.[5]  Claim construction briefing was completed as of September 20, 2013,[6] and a *Markman* hearing occurred

---

    [1] D.I. 1.
    [2] D.I. 5.
    [3] D.I. 10.
    [4] D.I. 12.
    [5] D.I. 19.
    [6] D.I. 169; D.I. 171.

on October 18, 2013.[7]

Nearly a year after notice of this lawsuit, defendant filed a petition for *inter parties* review ("IPR") on June 4, 2013,[8] seeking review of claims 113-114 of the '299 patent.[9] A month thereafter on July 12, 2013 after filing its request with the Patent & Trademark Office ("PTO"), defendant filed a motion to stay this action pending the outcome of IPR,[10] along with its brief in support.[11]  Plaintiff answered in opposition on August 2, 2013.[12]  On August 8, 2013, defendant filed its reply brief.[13]  As of the date of this Report and Recommendation, the PTO has neither granted nor denied defendant's request for review.  This Report and Recommendation addresses defendant's motion to stay.

**B.     Factual Background**

Plaintiff is the assignee of the '299 patent describing methods and systems used in a "wireless location system" ("WLS"),[14] to enable geolocation of a wireless device, such as a cell phone (referenced in the patent as a mobile station or MS), using the wireless network in the area.[15]  Defendant likewise deploys its own WLS, competing in

---

[7] D.I. 120.  At the time the parties completed their briefing, the *Markman* hearing was roughly two months away.  That hearing occurred on the scheduled date of October 18, 2013.

[8] D.I. 131 at Ex. E.

[9] *Id.*

[10] D.I. 129.

[11] D.I. 130.

[12] D.I. 141.

[13] D.I. 147.

[14] D.I. 131, Ex. I, the '299 patent, Abstract.  The '299 patent is a continuation-in-part filed June 10, 2005, and issued August 24, 2010.

[15] *Id.* at 1:23-35; 4:39-42.

the same market as plaintiff.[16]  Plaintiff asserts defendant infringes claims 98 and 113-114.[17]  Claim 98 covers a WLS utilizing various components including hardware.[18]  Claims 113-114 cover systems directed at locating a wireless device using different triggers.[19]

### C.    Legal Standard

The court's "inherent power to conserve judicial resources by controlling its own docket" includes the discretion to stay a litigation,[20] which has been found to extend to patent cases where a review by the PTO has been requested.[21]

"The court considers the following three factors when deciding whether to stay a case:  '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'"[22]  In determining whether a stay would unduly prejudice the non-moving party, courts analyze the following factors:  (1) the relationship between the parties; (2) the status of the IPR request; and (3) the timing of the IPR request and

---

[16] D.I. 130 at 15.
[17] D.I. 1 at 4; D.I. 141 at 17.
[18] D.I. 131, Ex. I. at 48:38-61.
[19] *Id.* at 50: 22-64.
[20] *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985).
[21] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).
[22] *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (quoting *First Am. Title Ins. Co. v. McLaren LLC*, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)).

motion to stay.[23]  A final decision is made with an eye toward maintaining an even

balance between the competing interests of the parties at issue.[24]

The defendant in an infringement suit has one year from the date of service of

the complaint to file a request for IPR relating to any underlying patent.[25]  The patent

owner then has three months from the date of notice to file a preliminary response.[26]

Thereafter, the PTO has three months from the date of the patent owner's preliminary

response to decide whether to grant the petition for IPR.[27]  IPR is limited to challenges

only under 35 U.S.C. §§ 102 and 103 based on prior patents and printed publications.[28]

After a decision by the PTO to grant or deny the IPR petition, the PTO has one year,

subject to a 6-month extension, to issue its findings[29] which are subject to appeal to the

United States Court of Appeals for the Federal Circuit.[30]

### D.      Positions of the Parties

Defendant argues the motion to stay should be granted because there are

"several overlapping issues" between this litigation and IPR, such that the findings of the

PTO will aid in simplifying the triable issues in this action.[31]  Specifically, defendant cites

---

[23] *See Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011).

[24] *See SoftView LLC v. Apple, Inc.*, C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6-7 (D. Del. July 26, 2012) ("In exercising this discretion, the Court must weigh the competing interests of the parties in an attempt to maintain an even balance.") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936)).

[25] 35 U.S.C. § 315(b).  The America Invents Act ("AIA") was passed in 2011 and portions of the law went into effect from 2011 to 2013.

[26] 37 C.F.R. § 42.107(b).

[27] 35 U.S.C. § 314(b).

[28] *Id.* § 311(b).

[29] *Id.* § 316(a)(11).

[30] *Id.* § 319; *Id.* § 141(c).

[31] D.I. 130 at 1.

4

numerous cases in this district that have generally enumerated the potential ways in which IPR may simplify litigation.[32]  Defendant further argues that claim 98, not included in the IPR petition, may be disposed of upon summary judgment, thereby eliminating all claims from trial assuming a finding of invalidity by the PTO on claims 113-114.[33] Defendant also argues a stay would not prejudice plaintiff given that defendant is presently not supplying its software within the United States, and cannot directly infringe plaintiff's patent.[34]  Defendant also asserts plaintiff is a subsidiary of a billion-dollar corporation, and a delay in any potential damage award is not prejudicial.[35]  In addition, defendant claims its failure to file a petition for IPR until shortly before the  deadline is timely under the statute, and thus, not dilatory.[36]  Because the matter is purportedly at an early stage, defendant maintains this favors a stay pending IPR, since the result of IPR would likely occur prior to trial.[37]

In opposition, plaintiff argues defendant's petition for IPR has not been granted, and is merely pending, and it intends to oppose it.[38]  Plaintiff also contends IPR will not simplify the issues in the case due to the omission of claim 98, and the inability of IPR to address issues raised under § 112.[39]  Plaintiff cites *ImageVision.net* for the proposition that where the scope of issues in litigation exceeds that which can be solved under IPR,

---

[32] *Id.* at 8.
[33] *Id.* at 9-10.
[34] *Id.* at 15.
[35] *Id.* at 2.
[36] D.I. 147 at 1-2.
[37] *Id.* at 15, 18.
[38] D.I. 141 at 10.
[39] *Id.* at 17-18.

such as when § 112 issues are raised, a stay is disfavored.[40]  Plaintiff further notes it

would be unduly prejudiced by a stay due to the direct competition between the parties

in an "all-or-nothing" market for customer contracts.[41]  Plaintiff submits defendant's

argument that its software is supplied outside the United States is fallacious, as

evidenced by defendant's refusal to accept an injunction.[42]  Plaintiff points out that

defendant delayed until the second to the last day to file its IPR petition which

demonstrates strategic dilatory conduct,[43] when it clearly could have been filed earlier,

and not in the middle of fact discovery.[44]  Similarly, plaintiff maintains delay of the

present matter would provide an unfair tactical advantage to defendant.[45]  Plaintiff notes

this action is at a later stage, as evidenced by the completion of significant written

discovery, depositions are forthcoming and the claim construction process is

imminent.[46]  Plaintiff also argues defendant delayed the progress of the case by dilatory

document production.[47]

---

[40] *Id.*; *see Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, C.A. No. 12-054-GMS-MPT, 2013 WL 663535, at *4 (D. Del. Feb. 25, 2013), *aff'd.*, 2013 WL 1743954 (D. Del. Apr. 22, 2013); *see also Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

[41] D.I. 141 at 2, 13.  Plaintiff reasons because of the limited customer base of carriers and countries seeking cell phone location services, the awarding of new contracts is limited and infrequent.  Such contracts are multimillion dollar agreements, usually involving an entire network or country, and the loss of a bid to an infringer has "significant financial implications."  *Id.* at 13.

[42] *Id.* at 14.  "If future infringement is truly of no concern, then Polaris should accept an injunction now.  Tellingly, Polaris has not been willing to accept an injunction."

[43] *Id.* at 8, 16-17.

[44] *Id.* at 9-10.

[45] *Id.* at 16-17.

[46] *Id.* at 19-20.  As noted previously *supra* n.7, the *Markman* hearing recently was held, but after briefing on the present motion was completed.

[47] *Id.* at 20.

## II.   ANALYSIS

The court has inherent discretion whether to grant a stay in patent litigation

pending IPR.[48]  As enumerated above, the court considers three factors in deciding

whether to grant a stay:  "(1) whether a stay would unduly prejudice or present a clear

tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues

in question and trial of the case; and (3) whether discovery is complete and whether a

trial date has been set."[49]  After analyzing each of the three factors, and taking into

consideration the premature filing of the motion currently before the court, it is

recommended defendant's motion to stay be denied.

### A.   Status of the Litigation

With respect to the status of the litigation, defendant characterizes the case as at

an "early stage,"[50] because its motion precedes any depositions, claim construction,

expert discovery and the conclusion of fact discovery.[51]  As such, it argues significant

milestones remain warranting a stay.[52]

Plaintiff counters, characterizing this matter as at a "late stage,"[53] by pointing to

significant progress to date, that is, substantially completed document production,

completed claim construction briefing, and a scheduled *Markman* hearing on October

18, 2013.[54]  Additionally, plaintiff argues dispositive motions will occur, with the case

---

[48] *See Ethicon*, 849 F.2d at 1426-27.
[49] *First Am. Title Ins. Co.*, 2012 WL 769601, at *4.
[50] D.I. 130 at 18; D.I. 147 at 10.
[51] D.I. 147 at 10.
[52] *Id.*
[53] D.I. 141 at 19.
[54] *Id.* at 19-20.

ready for trial prior to completion of the IPR process assuming the petition is granted.[55] For these reasons, plaintiff contends a stay should be denied.

Although a trial date has not been set, as of the date of this Report and Recommendation, the claim construction process has been completed with the exchange of all briefs and the recent *Markman* hearing.[56]  Fact discovery is scheduled to close on December 1, 2013, significant document production has already occurred,  a number of discovery disputes resolved,[57] and dispositive motions are due May 10, 2014.[58]  As the court noted in *Softview LLC v. Apple Inc.*, "[s]ubstantial time and resources have been devoted in this case to scheduling and the resolution of discovery disputes," which weighs against the grant of a stay.[59]  In *Imagevision.net, Inc. v. Internet Payment Exchange, Inc.*, this court found where significant discovery has occurred and claim construction and *Markman* proceedings are scheduled, these factors weigh against the grant of a stay.[60]  In the same case, this court also pointed out that the early stage of review by the PTO also weighed against the grant of a stay.[61]  Unlike the instant matter where significant discovery and resolution of discovery disputes have occurred, and the *Markman* hearing has occurred, the *Imagevision* matter had not

---

[55] *Id.* at 20.
[56] D.I. 160; D.I. 171.
[57] D.I. 19; D.I. 141 at 19; D.I. 108.
[58] D.I. 120; D.I. 19.
[59] C.A. No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (denying defendant's motion to stay).
[60] C.A. No. 12-054-GMS-MPT, 2013 WL 663535, at *4 (D. Del. Feb. 25, 2013), *aff'd.*, 2013 WL 1743854 (D. Del. Apr. 22, 2013).
[61] *Id.* at *14.

progressed as far.[62]  As a result and absent a decision from the PTO, along with the

potential timing of a final decision by the PTO, these factors weigh against the grant of a

stay in this litigation.

### B.    Simplification

Defendant argues IPR will likely simplify issues for trial as it contends that the

PTO will likely reduce the number of claims at issue by finding them invalid.[63]

Defendant relies heavily on *Fresenius USA, Inc. v. Baxter Int'l, Inc.* for the proposition

that findings of invalidity in *inter parties* review are binding on the court.[64]  Defendant

also asserts claim 98, which was not included in the IPR petition, may be disposed of on

summary judgment.[65]  Plaintiff counters the scope of issues in this litigation far exceeds

the issues addressed in IPR,[66] noting the absence of claim 98 and the inability to

address defendant's other arguments including challenges under § 112.[67]  Defendant

concedes it believes claims 113 and 114 to be indefinite under § 112.

The court in *Belden* held a stay is appropriate when the only issues for trial

overlap with those to be reviewed by the PTO, but where other challenges, including     §

112 arguments, are presented, a stay is disfavored.[68]  This court has noted where the

---

[62] In *Imagevision*, the claim construction process had not begun, while in the present matter, the *Markman* hearing has occurred, thus making, "the economies that might otherwise flow from granting a stay early in a case are somewhat offset by the substantial resources already incurred by both the parties and the Court."  *Softview LLC*, 2012 WL 3061027, at *4.

[63] D.I. 130 at 7.

[64] 721 F.3d 1330, 1342 (Fed. Cir. 2013); D.I. 130 at 8-9.

[65] D.I. 130 at 10.

[66] D.I. 141 at 18.

[67] *Id.*

[68] *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

scope of the issues in litigation substantially exceeds the scope of the issues on review, a stay is disfavored.[69]  Here, claim 98 and specific challenges to the remaining claims subject to the IPR petition fall outside of the scope of IPR.  Although the results of IPR may be binding on the court, timing of when they will occur is unknown, and they may not be available until after trial.[70]  To date, the IPR petition has not been granted, rendering any consideration of the likelihood of invalidation to be unknown.  Thus, the procedural status at this time disfavors the grant of a stay.

C.    Prejudice

i.    Relationship Between the Parties

Defendant argues plaintiff will not be prejudiced should a stay be granted.[71] Specifically, defendant contends although the parties compete in the same market, they do not directly compete, because its software products, as opposed to plaintiff's hardware products, are maintained and shipped outside the United States,[72] and thus, there can be no continuing harm.[73]  Defendant further points out other competitors exist in the market which negatively affect plaintiff's business, and its failure to seek a preliminary injunction evidences no anticipated continuing harm.[74]  Plaintiff counters that defendant is a direct competitor, and although its products are installed outside the United States, defendant's sales, in fact, occur in the United States and infringe the '299

---

[69] *Imagevision.net, Inc.*, 2013 WL 663535, at *4.
[70] As noted previously herein, the PTO could take up to eighteen months to issue its findings, which are then subject to appeal to the Federal Circuit.
[71] D.I. 130 at 12.
[72] *Id.* at 10, 15, 17.
[73] *Id.* at 17.
[74] D.I. 147 at 6; D.I. 148 Ex. A (showing plaintiff lost contracts to a competitor other than defendant).

10

patent.[75]  Plaintiff further argues more than a 'fair possibility' exists a stay will cause it

harm, "because the awarding of new contracts is infrequent in the geolocation

business."[76]

This court has been reluctant to stay proceedings in situations where parties are

direct competitors.[77]  Despite conceding the parties are competitors in the same

market,[78] defendant differentiates its business as software-based while plaintiff's

product is hardware-based.[79]  Plaintiff points out, however, that defendant supplies

hardware, and its prior alleged infringement constitutes a continuing harm.[80]  Despite

defendant's argument that its future sales occur outside of the United States and thus

do not infringe, it admits the competitive relationship between the parties.[81]  Defendant

relies on *Neste Oil OYJ* as dispositive for the prejudice factor, however, the holding

there only found that the failure to seek injunctive relief *may* weigh in favor of a stay, but

is not dispositive.[82]  The court has held the presence of other parties actively involved in

the market may decrease the risk of prejudice to a plaintiff.[83]  Plaintiff's records reflect

that it has lost contracts to at least one other competitor, and while the parties compete

in the same market, wireless location services, it is unclear as to the degree of

---

[75] D.I. 141 at 13-14.

[76] *Id.* at 13.

[77] *Mission Abstract Data L.L.C. v. Beasley Broad. Group, Inc.*, C.A. No. 11-176-LPS, 2011 U.S. Dist. LEXIS 130934, at *12 (D. Del. Nov. 14, 2011); *see also Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011).

[78] D.I. 130 at 15, 17.

[79] *Id.* at 15-16.

[80] D.I. 141 at 14.

[81] D.I. 130 at 15.

[82] *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013).

[83] *Id.* at *8.

competition between the parties.  As the evidence demonstrates, the parties have participated in competitive bidding, along with at least another entity.  Coupled with plaintiff's failure to seek an injunction indicating anticipated, continuing harm from future infringement, this factor weighs slightly in favor of a stay.

### ii.    Status of the Inter Parties Review Petition

Citing *Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp.*, defendant argues since the time frame for IPR is expedited, a stay would be brief if the IPR request is not granted.[84]  Defendant maintains the binding nature of post-grant proceedings by the PTO weighs in favor of a stay to prevent litigation findings that may be overturned.[85]  Defendant also cites *Neste Oil OYJ* for the proposition that a pending IPR petition may favor a stay based on the high rate of IPR petitions granted.[86]  Plaintiff counters that merely a request has been filed which may be denied, and a denial may not occur until December 4, 2013.[87]  Plaintiff further contends defendant's reliance on *Semiconductor Energy Laboratory Co.* is misplaced as that matter involved multiple defendants, where no document or other discovery requests had been served and claim construction had not begun.[88]

Since the *inter parties* review request is still pending before the PTO with a potential delay until December 4, 2013 for a grant or denial, this motion is premature. *Neste Oil OYJ*, is distinguishable because, at the time of the grant of a stay, no

---

[84] D.I. 130 at 14; *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, C.A. No. 12-21-JST, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012).

[85] D.I. 130 at 14.

[86] D.I. 147 at 4.

[87] D.I. 141 at 10.

[88] *Id.* at 10-11; *Semiconductor Co., Ltd.*, 2012 WL 7170593, at *1-2.

scheduling conference had been held and no discovery conducted.[89]  Here, extensive document discovery has been conducted, and the claim construction process has been completed awaiting a decision from the court.  The status of the *inter parties* review weighs against granting a stay.

### iii.   Timing of the Request for Inter Parties Review and for Stay

Defendant observes its request for *inter parties* review was timely filed within the statutory period.[90]  Defendant further emphasizes its request was not made to avoid taking inconsistent positions in two venues, and its claim construction position is not inconsistent with that taken in its IPR petition.[91]  Plaintiff points out that defendant waited until the last minute to file its IPR petition, at a time when fact discovery in the instant matter was well under way.[92]

The more diligent a party is in seeking *inter parties* review, the less likely its petition is prejudicial to the non-movant.[93]  Courts in this jurisdiction have held that delays of a few months in filing for *inter parties* review may not be prejudicial nor designed to gain a tactical advantage.[94]  Filings for IPR made well after the initiation of litigation, however, may suggest an unfair tactical advantage or dilatory motive.[95]  In the

---

[89] *Neste Oil OYJ*, 2013 WL 3353984, at *15-16.
[90] D.I. 147 at 1-2.
[91] *Id.*
[92] D.I. 141 at 9.
[93] *Imagevision.net, Inc.*, 2013 WL 663535, at *5.
[94] *See Neste Oil OYJ*, 2013 WL 3353984, at *2 (finding that filing for *inter parties* review and a motion to stay within three months of the complaint fails to suggest a dilatory motive); *see also Davol, Inc. v. Atrium Medical Corp.*, C.A. No. 12-958-FMS, 2013 WL 3013343, at *2 (holding that a one-month delay does not demonstrate an unfair tactical advantage).
[95] *Belden Techs.*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (concluding a delay in filing for reexamination of 17-20 months from the date of the complaint and

instant matter, defendant waited until the end of the statutory deadline to file its IPR,

close to the eve of claim construction briefing, and after substantial document discovery

was conducted.[96]  Although defendant's request was filed within the statutory window,

this does not render its request for a stay immune from denial.  Based on the present

record, the court finds the timing of the filing of IPR weighs slightly against granting a

stay.

## III.   CONCLUSION

After consideration of the relevant factors and issues, including the absence of

any findings by the PTO on defendant's IPR petition and the premature status of the

motion to stay, the analysis weighs against a stay, and defendant's motion is denied.

## IV.   ORDER & RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends:

(1)   Defendant's motion to stay pending the *inter parties* review (D.I. 129) be

DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),

FED. R. CIV. P. 72(a) and D. Del. LR 72.1.  The parties may serve and file specific

written objections within fourteen days after being served with a copy of this Report and

Recommendation.  The objections and response to the objections are limited to ten

pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for

Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is

---

days before trial indicates an unfair tactical advantage).
    [96] D.I. 141 at 9-10.

14

available on the Court's website, www.ded.uscourts.gov.

October 21, 2013                          /s/ Mary Pat Thynge
                                          UNITED STATES MAGISTRATE JUDGE