IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TruePosition, Inc. | : |
| Plaintiff, | : |
| v. | : C.A. No.12-646-RGA-MPT |
| Polaris Wireless, Inc. | : |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This patent infringement matter is brought by TruePosition, Inc. ("TruePosition") against Polaris Wireless, Inc. ("Polaris").  TruePosition moves under FED. R. CIV. P. 54(b) to allow an interlocutory appeal to the United States Court of Appeals for the Federal Circuit of this court's finding of invalidity of Claims 113 and 114, or alternatively, for voluntary dismissal of Claim 98 without prejudice and entry of final judgment as to Claims 113 and 114 under FED. R. CIV. P. 41(a)(2).  For the reasons stated below, TruePosition's motions should be denied.

**II.  Background**

**A.  Parties**

TruePosition is a Delaware corporation, operating in Pennsylvania, which provides services and equipment for locating mobile devices for national security and intelligence purposes.[1]  Polaris is a Delaware corporation, operating in California, and

---

[1] D.I. 1 at ¶¶ 4-5.

provides similar services and equipment for determining the location of mobile devices.[2] TruePosition and Polaris compete for business from cellular network carriers and other customers that use equipment and software for locating mobile devices.[3]

TruePosition's infringement claims focus on Polaris' purported use of probes for mobile station or mobile device location without disrupting the carrier's system.[4] TruePosition filed suit on May 23, 2012 alleging infringement by Polaris of U.S. Patent No. 7,783,299 (the "'299 Patent").[5] On June 3, 2013, Polaris petitioned for *Inter Partes* Review ("IPR") with the Patent and Trademark Office ("Patent Office") of Claims 113 and 114.[6] On July 12, 2013, Polaris moved to stay this proceeding pending the outcome of the IPR, which was denied.[7] After conducting a *Markman* hearing on October 18, 2013, the court found Claims 113 and 114 invalid as indefinite in a Report and Recommendation issued on February 2, 2014.[8] The Patent Office granted Polaris' IPR petition on November 15, 2013.[9] Contrary to this court's ruling, the Patent Office, in granting Polaris' petition, found Claims 113 and 114 as definite.[10] Thereafter, while the IPR was ongoing, TruePosition filed objections to the Report and Recommendation and moved, unopposed, to stay the proceedings pending the resolution of its objections.[11]

On July 15, 2014, the Patent Office held an IPR hearing on the validity of Claims

---

[2] *Id.* at ¶¶ 6-7.
[3] *Id.* at ¶ 8.
[4] D.I. 259 at 3-4.
[5] D.I. 1.
[6] D.I. 249 at 7.
[7] D.I. 259 at 3.
[8] *Id;* D.I. 249 at 7-8.
[9] D.I. 249 at 7.
[10] *Id.* at 7-8.
[11] *Id.* at 8.

2

113 and 114 based on anticipation and obviousness under 35 U.S.C. §§ 102 and 103.[12] On August 26, 2014, the Honorable Richard G. Andrews affirmed the finding in the Report and Recommendation that the "means for detecting" steps of Claims 113 and 114 were indefinite and incapable of construction.[13]

Subsequent settlement efforts between the parties were unsuccessful.[14] TruePosition thereafter informed Polaris that it would not continue to litigate only Claim 98 without Claims 113 and 114.[15] Since TruePosition would likely appeal an adverse determination by the Patent Office on Claims 113 and 114, it suggested, for efficiency purposes, that the claim construction and invalidity issues from both forums be addressed together on appeal.[16] Polaris rejected TruePosition's proposal and demanded dismissal with prejudice.[17] On October 16, 2014, TruePosition moved to stay the proceedings on Claim 98, pending its possible appeal of Claims 113 and 114 to the Federal Circuit,[18] relying on Rule 54(b) or alternatively Rule 41(a)(2).[19] TruePosition also offered Polaris a covenant-not-to-sue for Claim 98, unless TruePosition prevailed on appeal.[20] On October 24, 2014, both parties agreed to stay the proceedings in the instant matter pending a final decision on the present motions.[21] On November 5, 2014,

---

[12] *Id.* at 8-9.
[13] *Id.* at 9; D.I. 237.
[14] D.I. 249 at 9.
[15] *Id.*
[16] *Id.* at 9-10; D.I. 249, Ex. C.
[17] D.I. 249 at 10; Ex. D.
[18] D.I. 246.
[19] D.I. 248.
[20] D.I. 247 at 1; D.I. 249, Ex. G.
[21] D.I. 253.

the Patent Office found Claims 113 and 114 invalid as anticipated and obvious.[22]

## III.  FED. R. CIV. P. 54(b)

### A.  Standard of Review

FED. R. CIV. P. 54(b) provides:

> When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[23]

Therefore, "certification under Rule 54(b) involves a two step analysis:  (1) a determination of whether a claim to be appealed is final; and (2) a determination that there is no justification for delay."[24]

The rule "was designed in an attempt 'to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'"[25]  Certification of a judgment as final under Rule 54(b), however, is the exception and not the rule to the usual course of proceedings in a district court.[26]  Accordingly, "not all final judgments on individual

---

[22] D.I. 258; D.I. 259 at 4.
[23] FED. R. CIV. P. 54(b).
[24] *Cordance Corp. v. Amazon.com, Inc.*, 696 F. Supp. 2d 445, 450 (D. Del. 2010).
[25] *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975)).
[26] *Elliott v. Archdiocese of New York*, F.3d 213, 220 (3d Cir. 2012); *see Panichella v. Pa R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958) ("[Rule] 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.  The power which this Rule confers upon the trial judge should be used only in the infrequent case

4

claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[27]

B. Discussion

1. Finality

For a judgment to be final, it "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[28] The decision must be "issued by the trial court which 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment . . . .'"[29] "'[T]he District Court cannot, in the exercise of its discretion, treat as final that which is not final within the meaning of [28 U.S.C.] § 1291.'"[30]

TruePosition argues this court's finding of invalidity of Claims 113 and 114, based on indefiniteness, was a final disposition of these claims.[31] TruePosition maintains since

---

as an instrument for the improved administration of justice . . . .").

[27] *Curtiss-Wright Corp. v. Gen. Elec. Comp.*, 446 U.S. 1, 8 (1980).

[28] *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

[29] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

[30] *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 654 F. Supp. 1419, 1446 (D. Del. 1987) (quoting *Sears*, 351 U.S. at 437). 28 U.S.C. § 1291 states:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title. 28 U.S.C. § 1291.

[31] D.I. 249 at 11.

5

Claims 113 and 114 relate to a mobile-tracking location system that monitors one link, and Claim 98 pertains to a different link, the claims are independent of each other in subject-matter and requested relief.[32] For example, to prove infringement, TruePosition argues Claim 98 covers a system that is "configured to monitor an A link and a GSM-MAP link,"[33] while Claims 113 and 114 require proving a "means for monitoring" an Abis link.[34] TruePosition notes the court's indefiniteness ruling of Claims 113 and 114 was based on the means-plus-function analysis, and such issues do not apply to Claim 98 because it does not contain a means-plus-function claim.[35] TruePosition further asserts any prior art defenses will involve different proofs because the claim terms differ between Claim 98 and Claims 113 and 114.[36]

Polaris argues no final disposition resulted from the finding of invalidity of Claims 113 and 114.[37] Polaris asserts the complaint only sets forth a sole count, infringement of the '299 Patent.[38] Accordingly, because TruePosition has only raised a single cause of action, Polaris maintains this matter does not involve multiple claims, and Rule 54(b) is inapplicable.[39] Polaris relies on *Liberty Mut. Ins. Co. v. Wetzel*,[40] where the Supreme Court announced "[R]ule 54(b)(2) 'does not apply to a single claim action . . . . It is limited expressly to multiple claim actions in which one or more but less than all of the

---

[32] *Id.*
[33] *Id.* at 12.
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] D.I. 259 at 8.
[38] *Id.*
[39] *Id.*
[40] 424 U.S. 737 (1976).

multiple claims have been finally decided and are found otherwise to be ready for appeal.'"[41] Polaris notes a final disposition of a single cause of action does not occur until all asserted claims have been adjudicated, and since Claim 98 remains, TruePosition's sole claim of patent infringement is not final, regardless of the finding of invalidity of Claims 113 and 114.[42]

TruePosition contends Polaris' argument is too formalistic, and that infringement of Claim 98 is the "same claim" with the "same legal theory" as Claims 113 and 114.[43] It points to 35 U.S.C. § 282(a),[44] for the proposition that each claim is considered independently of the other as a separate legal claim concerning invalidity.[45]

Within the meaning of Rule 54(b), the definition of a "claim" is not clear.[46] The Third Circuit recognizes that "[t]here is not a definitive test to determine whether more than one claim is before the court,"[47] and applies the Supreme Court's guidance, noting "[w]e need not here attempt any definitive resolution of the meaning of what constitutes a claim for relief within the meaning of the rules. It is sufficient to recognize that a complaint asserting only *one legal right*, even if seeking multiple remedies for the

---

[41] *Id.* at 742-43 (quoting *Sears*, 351 U.S. at 435); *see* D.I. 259 at 8-9.
[42] D.I. 259 at 9.
[43] D.I. 261 at 2-3.
[44] "Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims." 35 U.S.C. § 282(a).
[45] D.I. 261 at 3.
[46] *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir. 1990). "'The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure.'" *Id.* (quoting C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE & PROCEDURE § 2657, at 60-61 (2d ed. 1983)).
[47] *Allegheny County Sanitary Auth. v. EPA*, 732 F.2d 1167, 1172 (3d Cir. 1984).

7

alleged violation of that right, states a single claim for relief."[48] Regarding patent litigation, if not all the aspects of a claim of infringement have been decided, then the claim may not be certified pursuant to Rule 54(b).[49]

Although the invalidity judgments on Claims 113 and 114 are final, they are not immediately appealable, even though they appear to be separable from the unresolved Claim 98. Both the Third Circuit and the Federal Circuit have firmly established that if aspects of a single claim of patent infringement remain and are not resolved, then that claim cannot be certified as final under Rule 54(b). TruePosition's reliance on 35 U.S.C. § 282(a), and its assertion that Claims 98, 113, and 114 should be considered independently of each other as separate claims, is misplaced because § 282 only addresses that each claim of a patent is presumed to be *valid*. Section 282 establishes that a finding of invalidity for one claim of the patent does not invalidate the remaining claims or the patent itself.[50] A reading of § 282(a) does not support TruePosition's argument that each claim is considered separate and distinguishable from one another in regards to *finality*. Here, the three asserted claims must be viewed as part of a single action for relief based on infringement. Claims 113 and 114 have been resolved; Claim 98 has not. As a result, the single right of action for relief based on infringement of the '299 Patent is not final within the meaning of Rule 54(b).

### 2. Judicial Economy

---

[48] *Sussex Drug Prods.*, 920 F.2d at 1154 (quoting *Liberty Mut. Ins. Co.*, 424 U.S. at 743 n.4) (emphasis added).
[49] *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 Fed. Appx. 730, 731 (Fed. Cir. 2005).
[50] *See Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2243 (2011).

In deciding whether there is any just reason for delay, "it is left to the sound discretion of the district court to determine . . . when each final decision in a multiple claims action is ready for appeal."[51] "This discretion is to be exercised 'in the interest of sound judicial administration.'"[52] In determining whether there is a just reason for delay, the Third Circuit established five factors for consideration, including:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.[53]

Since TruePosition's infringement claim is not final within the meaning of Rule 54(b), the court need not analyze the element of judicial economy. TruePosition's motion under Rule 54(b) therefore should be denied.

## IV.    Dismissal Without Prejudice Under FED. R. CIV. P. 41(a)(2)

### A.    Standard of Review

---

[51] *Curtiss-Wright Corp.*, 446 U.S. at 8.
[52] *Id.* (quoting *Sears*, 351 U.S. at 437).
[53] *Berckeley Inv. Group, Ltd.*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp.*, 521 F.2d at 364).

9

FED. R. CIV. P. 41(a)(2) states:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice.

A Rule 41(a)(2) motion should "be determined after attempting to secure substantial justice to both parties."[54] While considering the interests of both parties, the court remains cognizant that the motion "should be granted absent substantial prejudice to the defendant."[55] The possibility that a defendant will be subject to a subsequent lawsuit is not prejudicial.[56] In determining whether a dismissal will prejudice the defendant, the court should consider "[1] any excessive and duplicative expense of a second litigation; [2] the effort and expense incurred by a defendant in preparing for trial; [3] the extent to which the pending litigation has progressed; and [4] the claimant's diligence in moving to dismiss."[57]

### B. Discussion

---

[54] *Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc.*, 203 F.R.D. 156, 157 (D. Del. 2001).

[55] *Id.* at 157-58.

[56] *Reach & Assocs., P.C. v. Dencer*, C.A. No. 02-1355-JJF, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004) (citing *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D. Del. 1991)); *see Hayden v. Westfield Ins. Co.*, 586 F. App'x. 835, 842 (3d Cir. 2014) ("Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit.") (quoting *In re Paoli R.R. Yard P.C.B. Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).

[57] *Reach & Assocs.*, 2004 WL 253487, at *1 (quoting *Spring City Corp. v. Am. Bldgs. Co.*, C.A. No. 97-8127, 1999 WL 1212201, at *1 (E.D. Pa. Dec. 17, 1999)).

TruePosition argues that granting its Rule 41(a)(2) motion will not cause substantial prejudice, but instead, will benefit Polaris.[58] Since its proposal offers a covenant-not-to-sue on Claim 98 if unsuccessful on appeal of Claims 113 and 114, it contends Polaris completely avoids litigating Claim 98. If TruePosition succeeds on appeal, however, Polaris again benefits by avoiding having to engage "in two sets of experts, dispositive motions, pretrial, trial, and post-trial proceedings" in this court.[59] TruePosition reasons since Claim 98 is far from resolution, substantial work remains for both parties.[60] TruePosition further notes this court will benefit, since only Claim 98 need be addressed if it prevails on appeal of Claims 113 and 114.[61]

In regards to the four factors analysis under Rule 41(a)(2), TruePosition initially maintains granting the motion will not cause excessive or duplicative expense of a second litigation.[62] Since it requests dismissal without prejudice of Claim 98, subject to a covenant-not-to-sue, TruePosition argues there is no possibility Claim 98 will be asserted against the same Polaris product in a different action.[63] It contends concerns that Claim 98 will be asserted against a different Polaris product in the future are irrelevant.[64] Regarding the second and third factors, TruePosition notes no pretrial or trial is scheduled, expert discovery has not occurred, and any fact discovery and claim construction pertained only to Claims 113 and 114.[65] In support of the fourth factor,

---

[58] D.I. 249 at 18.
[59] *Id.*
[60] *Id.*
[61] *Id.* at 19.
[62] *Id.*
[63] D.I. 261 at 9.
[64] *Id.*
[65] D.I. 249 at 20; D.I. 261 at 9-10.

11

TruePosition advances it has been diligent in moving to dismiss without any unnecessary delay.[66]

Polaris, on the other hand, maintains it will be substantially prejudiced and no benefit occurs by granting TruePosition's Rule 41(a)(2) motion.[67] It asserts that by granting the motion, TruePosition could bring a new action against it in the future, which would require re-conducting the entire discovery process.[68] Polaris further argues that the four factors weigh against TruePosition's motion, noting: "there will be excessive and duplicative expense of a second litigation; there has been great effort and expense incurred by Polaris in preparing for trial in this case; the pending litigation has completed fact discovery and was almost done with expert reports; and [TruePosition] was not diligent in moving to dismiss."[69]

TruePosition's assertion that fact discovery and claim construction only involved Claims 113 and 114 is misplaced. Pursuant to a joint stipulation, filed on October 17, 2013, both parties agreed to the construction of certain claim terms.[70] The term, "location measuring unit (LMU)", is one of these agreed to terms and only appears in Claim 98 and not Claims 113 or 114.[71] The construction of another agreed upon term is "network transaction" which is found in Claims 98, 113, and 114.[72] The parties, however, disagreed with the construction of the term "in response" in Claims 98, 113,

---

[66] D.I. 249 at 20.
[67] D.I. 259 at 15.
[68] *Id.*
[69] *Id.* at 15-16.
[70] *See* D.I. 177.
[71] *Id.* at 2; D.I. 1 at 70-71.
[72] D.I. 177 at 2; D.I. 1 at 70-71.

and 114.[73]  Therefore, in order for TruePosition and Polaris to agree and disagree on the construction of these terms appearing in Claim 98, fact discovery must have been conducted on Claim 98.

Furthermore, pursuant to a stipulated amendment to the scheduling order filed on November 26, 2013, the parties agreed to extend the deadline for completion of fact discovery from December 1, 2013 to December 20, 2013.[74]  A subsequent stipulation and order to amend the scheduling order filed on January 20, 2014 extended the deadline for the completion of expert discovery from January 27, 2014 to February 6, 2014, but did not extend the deadline for the completion of fact discovery.[75]  Both stipulations occurred before the issuance of the Report and Recommendation on February 2, 2014 on claim construction,[76] signaling additional time to complete fact discovery, including such discovery on Claim 98, was unnecessary and that sufficient factual information was obtained.  The January 20, 2014 stipulation provided that the initial expert reports were due on February 6, 2014.  In light of when the Report and Recommendation was issued, substantial completion of initial expert reports likely occurred.

Since fact discovery was conducted on Claim 98 to TruePosition's apparent satisfaction, dismissal of Claim 98 without prejudice is not warranted.  Polaris will be substantially prejudiced if TruePosition reasserts Claim 98 after the considerable

---

[73] D.I. 177 at 2.
[74] D.I. 207 at 1.
[75] D.I. 219.
[76] D.I. 221.  Judge Andrews adopted the Report and Recommendation on August 26, 2014.  D.I. 237.

discovery in this matter, by causing additional effort and expense in a subsequent proceeding.[77]  Moreover, Polaris raised affirmative defenses of invalidity against the claims of the '299 patent on which fact discovery is completed.  Under TruePosition's requested scenario, addressing these defenses in relation to Claim 98 will be further substantially delayed.  TruePosition's motion under Rule 41(a) should be denied.

## VI. Order and Recommendation Disposition

Consistent with the findings contained herein,

IT IS RECOMMENDED that TruePosition's motions to allow an interlocutory appeal under FED. R. CIV. P. 54(b), or alternatively, for the voluntary dismissal of Claim 98 without prejudice and entry of final judgment as to Claims 113 and 114 under FED. R. CIV. P. 41(a)(2) (D.I. 248), be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), FED. R. CIV. P. 72(a), and D. DEL. LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same.  Any response shall be limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is found on the Court's website (www.ded.uscourts.gov.)

---

[77] *See Hayden*, 586 F. App'x. at 843 (district court's denial of dismissal was upheld because seventeen months of litigation had passed and discovery closed six months prior to request of motion); *see Sightsound Techs., LLC v. Apple Inc.*, 2013 U.S. Dist. LEXIS 19818 (W.D. Pa. Feb. 14, 2013) (court denied dismissal after discovery was conducted and defendant's counterclaims were pending); *see Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974) (reversed district court's grant of dismissal after plaintiffs brought suit against defendants in another court and after discovery and substantial litigation had been completed in the previous action).

Date: March 3, 2015                    /s/   Mary Pat Thynge
                                       UNITED STATES MAGISTRATE JUDGE