IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRUEPOSITION INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-646-RGA |
| POLARIS WIRELESS INC., | : | |
| Defendant. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The United States Magistrate Judge made a Report and Recommendation dated March 3, 2015. (D.I. 263). Plaintiff filed objections (D.I. 264), to which Defendant responded. (D.I. 266).[1]

Findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

On the issue of interlocutory certification, I do not agree with Plaintiff that review is *de*

---

[1] Plaintiff requested oral argument. I do not think it would be helpful, as the objections are more than adequately briefed.

*novo.* Interlocutory certification is not a case dispositive motion. It is a discretionary decision. Thus, I review the recommendation deferentially.

There are no counterclaims. I do not think that resolution of some theories of liability, but not of others, in a single-count patent infringement case is one in which Rule 54(b) can be invoked. There is only one claim for relief unless "the facts give rise to more than one legal right or cause of action." Wright, Miller, & Kane, Federal Practice & Procedure, Vol. 10, § 2657, pp. 72-73 (2014). Plaintiff only pled one cause of action. (D.I. 1, at 3).

Thus, on the interlocutory certification issue, not only do I think the Magistrate Judge did not abuse her discretion in recommending denial of certification, I think she would have erred had she done otherwise.

On the issue of voluntary dismissal under Fed. R. Civ. P. 41(a)(2), I also do not agree with Plaintiff that review is *de novo*. Whether to permit voluntary dismissal is "within the sound discretion of the district court." Wright & Miller, Federal Practice & Procedure, Vol. 9, § 2364, p. 458. It is a non-dispositive motion. D.Del. LR 72.1(a)(2) & (3).[2] The Magistrate Judge's recommendation, informed by her handling of this case from start (*see* docket entries on May 30, 2012, and August 8, 2012) to the present point (which includes 269 numbered docket entries), is not an abuse of discretion. Plainly, factors (2) and (3) of the analysis (*see* D.I. 263 at 10) support the Magistrate Judge's conclusion of prejudice to Defendant. Further, the proposed dismissal would leave it up in the air whether Plaintiff would continue the litigation on the "claim 98" theory, which constitutes a form of prejudice to Defendant. Perhaps a judge could analyze the four factors and come to a different conclusion, but I do not think any judge could say that the

---

[2] "[T]o involuntarily dismiss an action" (under Fed. R. Civ. P. 41(b)) is identified as a dispositive motion. D.Del. LR 72.1(a)(3). Since voluntary dismissal is not so identified, it follows that it is not a dispositive motion.

Magistrate Judge's conclusion constituted an abuse of discretion.

Thus, Plaintiff's objections are **OVERRULED** and the Report and Recommendation (D.I. 263) is **ADOPTED**.

IT IS SO ORDERED this 7th day of April 2015.

*Richard G Andrews*
United States District Judge